# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 08-2582/2583

_____

United States of America,                    *
                                             *
          Plaintiff - Appellee,               *
                                             *    Appeal from the United States
     v.                                       *    District Court for the
                                             *    Northern District of Iowa.
Jose Guadalupe Ruvalcava-Perez, also          *
known as Alvara Hernandez Hermosito,          *
also known as Andres Torrez, also             *
known as Guadalupe Perez, also known          *
as Teodoro Rodriguez Perez, also              *
known as Alvara Hernandez,                     *
                                             *
          Defendant - Appellant.              *

_____

Submitted: March 9, 2009
Filed: April 14, 2009

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

MURPHY, Circuit Judge.

Jose Guadalupe Ruvalcava-Perez pled guilty to a drug offense and illegal reentry after deportation. The district court[1] found that criminal history category VI

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

underrepresented Ruvalcava-Perez's criminal history and departed upward from the advisory guideline range by two offense levels. The court also imposed an upward variance of 48 months and sentenced Ruvalcava-Perez to 210 months in prison. In addition the court revoked a prior existing supervised release term and imposed a concurrent term of 24 months in prison.[2] Ruvalcava-Perez appeals the upward departure and variance. He also challenges the reasonableness of the 210 month sentence. We affirm.

In November 2007 Ruvalcava-Perez was arrested following a traffic stop and was found in possession of cocaine. He was later identified as a 29 year old Mexican citizen who had previously been deported in October 1996, July 2000, December 2002, and October 2006. A federal grand jury indicted Ruvalcava-Perez on one count of possessing cocaine with intent to distribute within 1000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 860, and one count of reentering the United States illegally after having been convicted of an aggravated felony and deported, in violation of 8 U.S.C. § 1326(a), (b)(2).

The presentence report calculated Ruvalcava-Perez's total offense level to be 25 with a criminal history category of VI . His criminal history score of 17 included 5 points for three domestic abuse convictions all against the same female victim, see U.S.S.G. § 4A1.1(b),(c), and 5 points for two convictions of illegal reentry, see U.S.S.G. § 4A1.1(a), (b). The advisory guideline range was 110 to 137 months.

At the sentencing hearing, the government moved for a one level upward departure on the ground that Ruvalcava-Perez's criminal history category of VI underrepresented his actual criminal history and the likelihood of recidivism. See U.S.S.G. § 4A1.3(a)(1). The district court pointed out that Ruvalcava-Perez had obtained several convictions within a relatively short period of time and that he was

---

[2]Ruvalcava-Perez has affirmatively abandoned his revocation appeal.

a "serial violator" of reentering the country illegally but had not been prosecuted for all of his illegal reentries. In addition the court stated that Ruvalcava-Perez had "no ability to conform his conduct to the requirements of the law." Based on those findings, the district court departed upward two levels, giving Ruvalcava-Perez an advisory guideline range of 130 to 162 months.

Finding that the advisory guideline range did not take into account Ruvalcava-Perez's history of violence against women, the district court made an upward variance of 48 months from the high end of Ruvalcava-Perez's sentencing range and imposed a 210 month prison term. In support of its decision the court stated that the sentence was based on the factors in 18 U.S.C. § 3553(a), especially the extent and frequency of Ruvalcava-Perez's history of domestic abuse and the need to protect society. The court found particularly "shocking" Ruvalcava-Perez's repeated beatings of his girlfriend and the use of a firearm to threaten her. In arriving at its ultimate conclusion, the court noted that Ruvalcava-Perez was a "violent, gun-toting drug dealer who's a menace to society" with a "total disregard for the law." Ruvalcava-Perez appeals from the judgment, challenging the district court's upward departure, variance, and the reasonableness of his sentence.

In sentencing a defendant, the district court should first determine the appropriate guideline range, then evaluate whether a traditional departure is warranted, and finally decide whether or not to impose a guideline sentence after considering all the § 3553(a) sentencing factors. United States v. Hawk Wing, 433 F.3d 622, 631 (8th Cir. 2006). This court reviews a sentence by first ensuring that the district court did not commit any procedural errors, such as inadequately explaining the decision to deviate from the guideline range. United States v. McKinzie, 557 F.3d 931, 933 (8th Cir. 2009) (citing Gall v. United States, 128 S. Ct. 586, 597 (2007)). If there are no significant procedural errors, this court reviews the ultimate sentence, whether inside or outside the guideline range, for reasonableness under an abuse of discretion standard. Gall, 128 S. Ct. at 597. A sentencing court abuses its discretion

-3-

if it "fails to consider a relevant factor . . . gives significant weight to an improper or irrelevant factor, or . . . commits a clear error of judgment." United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005).

Ruvalcava-Perez first argues that the district court abused its discretion by departing upward from his advisory guideline range pursuant to § 4A1.3. He contends that category VI adequately represented his criminal history, because most of his prior convictions were misdemeanors that he committed at a young age. Ruvalcava-Perez also challenges the extent of the departure, noting that the government only moved for a one level departure.

A district court's decision to depart upward from the advisory guideline range is reviewed for abuse of discretion, and the extent of that departure is reviewed for reasonableness. United States v. Fogg, 409 F.3d 1022, 1026 (8th Cir. 2005). Section 4A1.3(a)(1) permits an upward departure when there is "reliable information" that the seriousness of the defendant's past crimes or the likelihood that he would commit others was not fully reflected in his criminal history category.

The district court did not abuse its discretion in departing upward based on its finding that criminal history category VI substantially underrepresented the seriousness of Ruvalcava-Perez's criminal history and risk of recidivism. Here, the 17 criminal history points calculated in the presentence report were 4 more than the 13 required for category VI, see generally U.S.S.G. Ch. 5, Pt. A, and they did not reflect Ruvalcava-Perez's prior illegal reentries that were not prosecuted, but which can be a basis for departure under U.S.S.G. § 4A1.3(a)(2)(E) (prior similar adult criminal conduct not resulting in criminal conviction). The court also noted that Ruvalcava-Perez was a "serial violator" with regard to reentry and that he had amassed several convictions in a short period of time. See United States v. Walking Eagle, 553 F.3d 654, 657 (8th Cir. 2009) (in deciding defendant's likelihood to recidivate court may consider evidence of "obvious incorrigibility" and conclude that

-4-

leniency has not been effective); see also United States v. Miller, 484 F.3d 968, 971 (8th Cir. 2007) (upward departure pursuant to § 4A1.3 may be particularly appropriate in context of younger defendants who have repeatedly received lenient sentences, yet who may pose significant risk of serious recidivism).

As to the extent of the departure, we are satisfied with the district court's explanation for its decision to impose an upward departure of two levels because we agree with the court that Ruvalcava-Perez's criminal history record indicates that he is unable "to conform his conduct to the requirements of the law." See United States v. Sample, 213 F.3d 1029, 1034 (8th Cir. 2000) (district court's decision as to extent of upward departure is "quintessentially a judgment call and we respect the district court's superior feel for the case"); see also U.S.S.G. § 4A1.3(a)(4)(B) (when departing upward from criminal history category VI, court should move incrementally down sentencing table to next higher offense level within category VI until it finds appropriate guideline range).

Ruvalcava-Perez next asserts that the extent of the variance was unreasonable because his domestic violence convictions were already taken into account by the guidelines. "[W]e review the reasonableness of the sentence, giving due deference to the lower court for any variance imposed." United States v. Barrett, 552 F.3d 724, 727 (8th Cir. 2009). When reviewing the reasonableness of a nonguideline sentence, we may consider the degree of the variance, but we cannot require extraordinary circumstances to justify the sentence. See Gall, 128 S. Ct. at 594-95. Here, the district court considered the § 3553(a) factors and varied upward 48 months imposing a sentence of 210 months. The court based this variance on Ruvalcava-Perez's history of violence against women, the extent and frequency of his prior violent conduct, his "total disregard for the law," and the need to protect society. See 18 U.S.C. § 3553(a)(1), (2)(C). Giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," see Gall, 128 S. Ct. at 597, we do not find Ruvalcava-Perez's sentence unreasonable, see Barrett, 552 F.3d

at 727 (court may consider defendant's criminal history even if that history is included in defendant's criminal history category).

Accordingly, we affirm the judgment of the district court.

_____