# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3719

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Keith Brooks, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 8, 2009
Filed: June 12, 2009

_____

Before COLLOTON, JOHN R. GIBSON and BEAM, Circuit Judges.

_____

PER CURIAM.

Keith Brooks appeals the 72-month sentence imposed by the district court[1] after a jury convicted Brooks on one count of possessing five grams or more of a mixture or substance containing a detectable amount of crack cocaine in violation of 21 U.S.C. § 844(a).[2] For reversal, Brooks contends the district court failed to properly consider

_____

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

[2]The district court also imposed a term of supervised release and a $100 special assessment. Although the district court incorrectly stated at Brooks' sentencing hearing that his period of imprisonment would be followed by four years of

the sentencing factors set forth in 18 U.S.C. § 3553(a) in determining his sentence. We affirm.

After first ensuring that the district court committed no significant procedural errors, we review the substantive reasonableness of a criminal sentence under an abuse of discretion standard. United States v. Ruvalcava-Perez, 561 F.3d 883, 886 (8th Cir. 2009). Where, as here, the sentence falls within the applicable advisory Guidelines range, we accord it a rebuttable presumption of reasonableness on appeal. United States v. Battiest, 553 F.3d 1132, 1136 (8th Cir.), cert. denied, 2009 WL 1116358 (U.S. May 26, 2009) (No. 08-9997). Applying those standards in the instant case, we find no reversible error. We are satisfied, after reviewing the record, that the district court considered the parties' arguments and the relevant § 3553(a) factors and adequately explained Brooks' sentence. Moreover, we find nothing to indicate the district court abused its discretion in concluding those factors, on balance, justified a 72-month sentence. See Ruvalcava-Perez, 561 F.3d at 886 (setting forth the ways in which a sentencing court may abuse its discretion).

Brooks' arguments do not convince us otherwise. For example, the fact that Brooks' co-defendant received a lesser sentence neither evidences the district court's failure to consider the need to avoid unwarranted sentencing disparities in Brooks' case nor renders Brooks' own sentence unreasonable. Because his co-defendant pleaded guilty and received credit for acceptance of responsibility, he and Brooks were not similarly situated for sentencing purposes.[3] See United States v. Gallegos, 480 F.3d 856, 859 (8th Cir. 2007) (per curiam) (indicating that disparate sentences are

_____

supervised release, we note that the judgment correctly provides for a three-year term of supervised release, the maximum period authorized by statute for Brooks' Class C felony offense. See 21 U.S.C. § 844(a); 18 U.S.C. §§ 3559(a)(3) & 3583(b)(2).

[3]We grant the government's motion to supplement the record on appeal with Brooks' co-defendant's Presentence Investigation Report.

not unwarranted where the defendants at issue were not similarly situated).  Having considered Brooks' other arguments and found them to be similarly without merit, we conclude Brooks' 72-month sentence is reasonable.

Accordingly, and for the foregoing reasons, the decision of the district court is affirmed.

_____