# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3080

_____

United States of America,              *
                                             *

              Appellee,           *

                                           *   Appeal from the United States

          v.                 *   District Court for the

                                           *   Eastern District of Arkansas.

Jeffrey Lawrence Bracy,         *

                                           *   [UNPUBLISHED]

             Appellant.          *

_____

Submitted: February 9, 2010
Filed: February 23, 2010

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Jeffrey Bracy pled guilty to a weapon offense, the district court[1] varied upward from the advisory Guidelines sentencing range and imposed a sentence of 48 months in prison and three years of supervised release. On appeal, Bracy argues that the district court committed procedural error by failing to properly consider appropriate 18 U.S.C. § 3553(a) factors, that the sentence was substantively unreasonable, and that the government breached the plea agreement by failing to honor its plea-agreement promise to recommend a sentence of time served.

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

We review the imposition of sentences under a deferential abuse-of-discretion standard, first ensuring that the district court committed no significant procedural error, and then considering the substantive reasonableness of the sentence. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). We find no procedural error in this case. *See United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008) (if district court references some considerations contained in § 3553(a), this court is ordinarily satisfied that court was aware of contents of statute). We also find that the sentence was not unreasonable, given the district court's consideration of Bracy's mental-health issues, substance abuse, serious criminal history, need for treatment in prison, and the need to protect the public from his further crimes. *See United States v. Ruvalcava-Perez*, 561 F.3d 883, 887 (8th Cir. 2009) (finding extent of variance reasonable where sentencing court considered defendant's prior criminal conduct and need to protect society).

Finally, the government did not breach the plea agreement: Bracy tested positive for illegal substances after he entered into the plea agreement, which excused the government from its promise to recommend a sentence of time served. Further, Bracy did not argue below that the government breached the plea agreement, and in these circumstances, no plain error occurred. *See Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009).

Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____