# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2323

_____

United States of America,

        Appellee,

v.

Homer Billy Cook, II,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of South Dakota.
\*
\*
\*

_____

Submitted: March 9, 2010
Filed: August 3, 2010

_____

Before RILEY, Chief Judge,[1] JOHN R. GIBSON and MURPHY, Circuit Judges.

_____

RILEY, Chief Judge.

Homer Billy Cook, II, pled guilty to engaging in and attempting to engage in sexual contact with the intent to abuse M.D., in Indian country, when M.D. was incapable of appraising the nature of the conduct and was physically incapable of declining participation and communicating unwillingness to engage in the sexual conduct, in violation of 18 U.S.C. §§ 1153, 2244(a)(2), 2242, and 2246(3). The probation office prepared a presentence investigation report (PSR) for the district

---

[1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

court,[2] calculating Cook's advisory range under the United States Sentencing Guidelines (U.S.S.G. or Guidelines) was 21 to 27 months imprisonment. At sentencing, the district court departed upward from the Guidelines range and sentenced Cook to the statutory maximum for his crime—36 months imprisonment. See 18 U.S.C. § 2244(a)(2).

Cook appeals his sentence, arguing the district court erred in departing upward. We review a district court's departure from the advisory Guidelines for an abuse of discretion.[3] See United States v. Miller, 484 F.3d 968, 970 (8th Cir. 2007) (citing United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005)). "A sentencing court abuses its discretion if it 'fails to consider a relevant factor . . . gives significant weight to an improper or irrelevant factor, or . . . commits a clear error of judgment.'" United States v. Ruvalcava-Perez, 561 F.3d 883, 886 (8th Cir. 2009) (quoting United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005)). The Guidelines provide for upward departures based upon the inadequacy of the criminal history categories. See U.S.S.G. § 4A1.3. "If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." Id. at (a)(1). "When contemplating and structuring such a departure, the district court should consider both the nature and extent of a defendant's criminal history." United States v. Hacker, 450 F.3d 808, 812 (8th Cir. 2006) (citation omitted).

---

[2]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

[3]At sentencing, Cook's counsel resisted any upward departure from Cook's advisory Guidelines range. We therefore reject the government's suggestion that we should review for plain error.

The district court departed upward because it found Cook's properly calculated criminal history category of III substantially under-represented his actual criminal history and the likelihood he will commit further crimes. The Guidelines list several situations which may form the basis for an upward departure. See § 4A1.3(a)(2). Among these are when prior sentences for tribal offenses were not used in computing the criminal history category. Id. at (a)(2)(A). After noting Cook's criminal history category of III, the district court stated, "[i]f he had a criminal history category of V, his range would be 33 to 41 months, which would encompass the statutory maximum of 36 months." The district court then considered Cook's "large number of convictions in the Cheyenne River Sioux Tribal Court" and found Cook's "criminal history category understates his actual criminal history category -- substantially understates it -- and substantially understates the likelihood that he will commit other crimes. He has got quite a record for somebody who is 27 years of age." The district court also made clear Cook's unscored tribal convictions were relevant to its analysis of the 18 U.S.C. § 3553(a) factors.

We hold the district court did not abuse its discretion in finding Cook's criminal history category understates his actual criminal history and likelihood of recidivism. Standing alone, Cook's tribal convictions, including seven which were alcohol related, support the district court's departure finding. The fact Cook is able to point to contrary evidence, notably that he was previously convicted only of misdemeanors, does not require reversal, and merely shows that, when the district court exercised its discretion, some facts may have weighed against the upward departure.

The district court also made comments at sentencing which Cook suggests show the court based Cook's sentence, at least in part, on what the court saw as a "substantial break" Cook received in his plea agreement with the government. The break the court referred to is the government's agreement to drop the charge of Sexual Abuse of a Minor Incapable of Consenting, in violation of 18 U.S.C. § 2242, which carries a statutory maximum of life imprisonment, in exchange for Cook's plea of guilty to

Sexual Contact with a Person Incapable of Consenting, in violation of 18 U.S.C. § 2244(a)(2), which bears a statutory maximum of 36 months imprisonment. Cook argues the district court committed a significant procedural error in considering the dismissed sexual abuse charge at sentencing without finding the absence of any defense by a preponderance of the evidence. Although it is well settled that a sentencing court may consider uncharged conduct in determining whether to depart upward, see e.g., United States v. Schwalk, 412 F.3d 929, 933 (8th. Cir. 2005), Cook contends the court procedurally erred because it did not consider whether Cook had a good defense to the dismissed charge.

Cook relies upon United States v. Azure, 536 F.3d 922 (8th Cir. 2008), to support his uncharged-conduct argument. In Azure, the district court departed upward from the lowest criminal history category (I) to the highest (VI), based upon testimony about the defendant's (1) uncharged prior assaults, (2) aggressive behavior, (3) "history of violence while in school," and (4) dismissed murder charge. Id. at 931-33. We remanded for resentencing in that case because the district court failed to "provide sufficient indicia of why the intermediary [criminal history] categories [were] inappropriate," and because we doubted evidence the defendant was a playground bully in elementary school was relevant to her criminal history category, observed that much of the uncharged conduct were alcohol related assaults and mutual aggression in domestic violence situations, and concluded the district court erred in allocating the burden of proof for self defense to the dismissed murder charge. Id. at 932-33. We also noted that stating sufficient indicia of why intermediate categories are inappropriate is "particularly important when the upward departure takes the defendant from the lowest to the highest criminal history category." Id. at 932.

This is not a case like Azure. Here, the district court only departed upward two criminal history categories, from category III to category V, and, unlike the court in Azure, the district court grounded its decision on both the dismissed charge and on Cook's tribal court convictions. We reiterate that district courts are not required to

engage in a "ritualistic exercise in which the sentencing court mechanically discusses each criminal history category it rejects en route to the category that it selects." United States v. Day, 998 F.2d 622, 625 (8th Cir. 1993) (quoting United States v. Lambert, 984 F.2d 658, 663 (5th Cir. 1993) (en banc)) (internal marks omitted). There is no suggestion the district court departed upward based on Cook's conduct on the playground. The fact that the uncharged conduct in this case, as well as many of the tribal court convictions, involved alcohol tends to exacerbate the seriousness of Cook's criminal history, rather than to mitigate it as in Azure. See United States v. Herr, 202 F.3d 1014, 1016-17 (8th Cir. 2000) (quoting United States v. Goings, 200 F.3d 539, 542 (8th Cir. 2000)) ("In deciding the likelihood that a defendant may commit other crimes, a court may 'take into account any evidence of obvious incorrigibility' and 'conclude that leniency has not been effective.'" (internal marks omitted)). Like the district court, we applaud Cook's post-conduct decision to limit his alcohol intake. Also like the district court, we cannot ignore Cook's lengthy history of alcohol addiction, alcohol related convictions, and the fact Cook was intoxicated at the time he committed this crime. Finally, although Cook argues he had a substantial defense to the abuse charge—insufficiency of the evidence—there is no evidence the district court misallocated the burden of proof, as in Azure. Upon review of the record, we conclude the evidence, for sentencing purposes, was sufficient for the district court to find the conduct occurred. See United States v. Branch, 591 F.3d 602, 611 (8th Cir. 2009) (quoting United States v. Farrington, 499 F.3d 854, 859 (8th Cir. 2007)) ("[S]entencing judges are only required to find sentence-enhancing facts by a preponderance of the evidence.").

We affirm the district court's judgment.

_____