# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2525

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Marcos Antonio Ramos Jimenez, | * | [UNPUBLISHED] |
| also known as Gilberto Martinez, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 18, 2010
Filed: December 7, 2010

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Marcos Antonio Ramos Jimenez (Jimenez) challenges the 63-month prison sentence imposed by the district court[1] after he pled guilty to illegal reentry into the United States after being deported following aggravated felony convictions, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, counsel has moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that (1) the district court abused its discretion by departing

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

upwards 4 levels on Jimenez's offense level based on its determination that Jimenez's criminal history score underrepresented the seriousness of his criminal history and the likelihood that he would recidivate, *see* U.S.S.G. § 4A1.3(a); (2) the extent of the departure is unreasonable; and (3) the overall sentence is unreasonable. Jimenez has filed a pro se brief raising additional issues.

We review a district court's decision to depart upwards for abuse of discretion, and the extent of that departure for reasonableness. *See United States v. Ruvalcava-Perez*, 561 F.3d 883, 886 (8th Cir. 2009). We find no abuse of discretion, as the court explained that it based its departure on the nature of Jimenez's criminal history, the likelihood that he would recidivate, and the ineffectiveness of prior lenient treatment. *See United States v. Cook*, 615 F.3d 891, 893-94 (8th Cir. 2010). Further, we find the extent of the departure reasonable. *See United States v. Maurstad*, 454 F.3d 787, 789-90 (8th Cir. 2006).

The overall sentence is reviewed under a deferential abuse-of-discretion standard, first ensuring that the district court committed no significant procedural error, and then considering the substantive reasonableness of the sentence. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). We find no abuse of discretion. The court recognized the advisory nature of the Guidelines, properly calculated the Guidelines range after departing upwards, and acknowledged its consideration of all the sentencing factors. *See id.* at 461 (procedural error includes improper application of Guidelines, treating Guidelines as mandatory, failing to consider 18 U.S.C. § 3553(a) factors, selecting sentence based on clearly erroneous facts, or failing to adequately explain sentence). The sentence imposed was within the Guidelines range calculated after applying the departure, and there is no indication that Jimenez would be able to rebut the resulting presumption of reasonableness. *See United States v. Linderman*, 587 F.3d 896, 901 (8th Cir. 2009); *United States v. Cadenas*, 445 F.3d 1091, 1094 (8th Cir. 2006).

Turning to Jimenez's pro se arguments, there is no merit to his contention that international law was somehow violated, and his ineffective-assistance claim is not properly raised in this direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006).

We reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and found no nonfrivolous issues for appeal. We affirm the judgment of the district court, and deny Jimenez's pending motion for appointment of counsel. Counsel's motion to withdraw is granted, subject to counsel informing Jimenez about procedures for seeking rehearing or filing a petition for certiorari.

_____