# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2972

_____

United States of America,

        Appellee,

    v.

Paul Robert Jones,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: May 12, 2010
Filed: March 1, 2011

_____

Before RILEY, Chief Judge, JOHN R. GIBSON[1] and MURPHY, Circuit Judges.

_____

PER CURIAM.

      Paul Robert Jones pled guilty to one count of assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 113(a)(6), 1151 and 1153(a). Following a hearing, the district court[2] sentenced Jones to 82 months imprisonment followed by 3 years supervised release. Jones appeals his sentence, arguing the district court erred in

_____

[1]The Honorable John R. Gibson retired from service on this court January 26, 2011. This opinion is consistent with his vote at the panel's conference on May 12, 2010. See also 8th Cir. Rule 47E.

[2]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

assessing his criminal history because the district court gave too much weight to his tribal court convictions. We affirm Jones's sentence.

The charges against Jones arose from a November 26, 2008 stabbing within the Red Lake Indian Reservation. Jones climbed through his estranged wife's bedroom window and brutally slashed and stabbed her with a serrated kitchen knife, causing "severe lacerations on her face, right breast, right hand, and left arm which required sutures and surgery to repair." Following Jones's guilty plea, the United States Probation Office prepared a presentence investigation report (PSR) for the district court. The PSR calculated Jones's advisory range under the United States Sentencing Guidelines (U.S.S.G. or Guidelines) as 51 to 63 months imprisonment.

Jones asked for a sentence at the low end of the Guidelines range, asserting he accepted responsibility for the attack, was remorseful, and was undergoing treatment for mental health and chemical dependency problems. The government sought an upward departure, requesting a 100 month sentence based on (1) the psychological harm to the victim, (2) the unusually heinous, cruel, brutal, or degrading conduct, and (3) because Jones's criminal history category did not adequately reflect the seriousness of his past criminal conduct and the likelihood of recidivism. See U.S.S.G. §§ 5K2.3, 5K2.8, 4A1.3.

At sentencing, the district court found the PSR's criminal history category of III was not an adequate reflection of Jones's criminal history due to uncounted tribal convictions. See § 4A1.2(i). The court also noted Jones had drug and alcohol problems, mental health issues, and a history of domestic assault. Based on these circumstances, the court found Jones had a "very significant propensity to reoffend," and then sentenced Jones to 82 months imprisonment.

On appeal, Jones argues the district court erred by giving too much consideration to unscored tribal convictions noted in his PSR. Jones also argues the

-2-

district court abused its discretion by failing to consider his individual characteristics such as his remorse, treatment for alcohol and mental health problems, and commitment to sobriety.  See 18 U.S.C. § 3553(a).

We review sentences under a deferential abuse of discretion standard.  See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).  "In reviewing [Jones's] sentence, we first ensure that the district court did not commit significant procedural error, such as an improper calculation of the advisory sentencing guidelines range; then, absent significant procedural error, we review the sentence for substantive reasonableness."  United States v. Jenkins, 578 F.3d 745, 748 (8th Cir. 2009), cert. denied, 130 S. Ct. 1550 (2010); Feemster, 572 F.3d at 461 (describing means of procedural error).

Here, the district court did not procedurally err in considering Jones's tribal convictions.  The Guidelines specifically permit a district court to consider tribal court convictions for the purpose of determining the adequacy of a defendant's criminal history, see U.S.S.G. § 4A1.3(a)(2)(A), and this court has consistently approved tribal convictions as a permissible basis for departing upward from the advisory Guidelines range.  See, e.g., United States v. Cook, 615 F.3d 891, 893 (8th Cir. 2010); United States v. Harlan, 368 F.3d 870, 874-75 (8th Cir. 2004).  We have reviewed the record below and are satisfied that under the totality of the circumstances the district court considered all relevant sentencing factors, see 18 U.S.C. § 3553(a), and imposed a substantively reasonable sentence.  See Feemster, 572 F.3d at 461.

We affirm the judgment.

_____