# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3370

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Isom Rogers, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 31, 2011
Filed: April 15, 2011

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Isom Rogers pleaded guilty to two counts of bank fraud, each with a maximum penalty of 30 years in prison. See 18 U.S.C. § 1344. The district court[1] sentenced Rogers to concurrent prison terms of 120 months, varying upward from the advisory Guidelines imprisonment range of 51-63 months after discussing at length his unusually violent criminal history. Rogers appeals. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967),

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

suggesting that the court erred by varying upward and by not reducing Rogers's offense level based on acceptance of responsibility.

We conclude that the district court did not err in sentencing Rogers above the advisory Guidelines range. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (sentence is reviewed under abuse-of-discretion standard, first ensuring that district court committed no significant procedural error, and then considering substantive reasonableness of sentence). The district court correctly calculated the Guidelines range, carefully considered the 18 U.S.C. § 3553(a) sentencing factors, and thoroughly explained why the variance was warranted. See 18 U.S.C. § 3553(a)(1) (sentencing factors include history and characteristics of defendant); Gall v. United States, 552 U.S. 38, 51 (2007) (reviewing court must give due deference to sentencing court's decision that § 3553(a) factors justify variance); United States v. Ruvalcava-Perez, 561 F.3d 883, 887 (8th Cir. 2009) (finding extent of variance reasonable where sentencing court considered defendant's prior criminal conduct and need to protect society). Further, the court emphasized that it would impose the same sentence whether it granted or denied a reduction for acceptance of responsibility. Cf. United States v. Jackson, 594 F.3d 1027, 1030 (8th Cir. 2010) (when record is clear that court intended to impose same sentence regardless of whether particular Guidelines provision applied, alleged error in applying provision was harmless).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____