# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2005

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Michael Wayne Kenney, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 13, 2012
Filed: June 26, 2012

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Michael Wayne Kenney entered a plea of guilty to escaping from custody in violation of 18 U.S.C. § 751. The district court[1] sentenced Kenney to 46 months' imprisonment, and Kenney now appeals the district court's grant of the Government's request for an upward departure pursuant to U.S.S.G. § 4A1.3. For the reasons that follow, we affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

The district court granted a three-level upward departure based on Kenney's substantially under-represented criminal history, resulting in a total offense level of 14, a criminal history category of VI, and an advisory sentencing guidelines range of 37 to 46 months' imprisonment. The district court then sentenced Kenney to 46 months' imprisonment. On appeal, Kenney argues that the "court failed to sufficiently consider [his] positive qualities" and that he "was sufficiently punished by the four[-]level enhancement relating to [his] conduct after he left the halfway house."

"A district court's decision to depart upward from the advisory guideline range is reviewed for abuse of discretion, and the extent of that departure is reviewed for reasonableness." *United States v. Ruvalcava-Perez*, 561 F.3d 883, 886 (8th Cir. 2009). "If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." U.S.S.G. § 4A1.3(a)(1).

The district court noted that Kenney had 23 criminal history points, 10 more than the 13 needed to qualify for a criminal history category of VI—the highest category available. Additionally, the district court observed that there was "considerable unscored criminal history going back years and years" that was unscored due to the time elapsed since the convictions. Among the unscored offenses the district court specifically listed were two instances of operating a vehicle while intoxicated, two cases of false use of a financial instrument, operating a motor vehicle without the owner's consent, forgery, and public intoxication. In imposing the sentence, the district court lamented that she could not "work with [Kenney] in the

community because he escapes.  When I have him on supervised release, he doesn't do what he's told.  He continues to violate."[2]

The first basis Kenney asserts in support of his position that the district court abused its discretion by imposing an upward departure under § 4A1.3 is that the district court gave "short shrift to Kenney's positive qualities."  The only information Kenney offers about his "positive qualities" are statements made in two letters written in support of him.  However, at the sentencing hearing, the district court indicated that it was aware of the contents of those letters and would consider them.  Kenney's second basis for his contention is his belief that the district court failed to consider that the four-level "enhancement" Kenney received relating to his criminal conduct after he escaped from custody provided sufficient punishment.  *See* U.S.S.G. § 2P1.1(b)(3) (stating that a four-level reduction for some offenders who escape from various non-secure custody facilities does not apply when the escapee commits an "offense punishable by a term of imprisonment of one year or more" while away from the facility).  Kenney's counsel, however, raised this argument before the district court.  Because the district court was cognizant of Kenney's arguments above, we presume that the district court considered and rejected them.  *See United States v. Wisecarver*, 644 F.3d 764, 774 (8th Cir.), *cert. denied*, 565 U.S. ---, 132 S. Ct. 533 (2011).

We find no abuse of discretion in the district court's decision to impose the three-level upward departure, and, to the extent Kenney raises the issue, we hold that the degree of the departure is reasonable.  *See Ruvalcava-Perez*, 561 F.3d at 886-87 (upholding a two-level upward departure where the defendant had 17 criminal history points, the points did not reflect offenses that were not prosecuted but involved similar conduct to a crime at issue in the case, and the record indicated that the

---

[2]The district court revoked Kenney's supervised release in August 2008 after he violated numerous conditions of his supervised release.

defendant was unable to conform his conduct to the requirements of the law).  We therefore affirm.[3]

---------------------------------

---

[3]Kenney argues for the first time in his reply brief that "[t]he district court failed to adequately explain Kenney's sentence—and, more specifically, the upward departure given to Kenney—under the factors in 18 U.S.C. § 3553(a)."  We decline to address this argument. *See United States v. Barraza*, 576 F.3d 798, 806 n.2 (8th Cir. 2009) ("Arguments raised for the first time in a Reply Brief need not be addressed.").