# United States Court of Appeals
### For the Eighth Circuit
_____

No. 20-1321
_____

United States of America

*Plaintiff - Appellee*

v.

Isadore White Calf

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Rapid City
_____

Submitted: November 16, 2020
Filed: February 10, 2021
[Unpublished]
_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Isadore White Calf sexually abused his daughter for over a decade. After raping and impregnating her, he pleaded guilty to one count of aggravated sexual

abuse in violation of 18 U.S.C. §§ 2241(a)(1), 2246(2)(A), and 1153.[1]  The district court[2] both varied and departed upward, sentencing him to 240 months in prison followed by lifetime supervised release.  White Calf argues this sentence is substantively unreasonable.  We affirm.

The presentence investigation report set White Calf's total offense level at 31 and his criminal history category at I, resulting in a Guidelines range of 108 to 135 months in prison.  At sentencing, the district court assessed a six-level upward departure pursuant to U.S.S.G. § 5K2.21, resulting in a new Guidelines range of 210 to 262 months.  The district court also varied upward after consideration of the factors in 18 U.S.C. § 3553(a) and sentenced White Calf to 240 months imprisonment to be followed by lifetime supervised release.

"A district court's decision to depart upward from the advisory guideline range is reviewed for abuse of discretion, and the extent of that departure is reviewed for reasonableness."  United States v. Ruvalcava-Perez, 561 F.3d 883, 886 (8th Cir. 2009).  "A district court abuses its discretion when it fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but in weighing those factors commits a clear error of judgment."  United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (citation omitted) (cleaned up).

We conclude that the district court did not abuse its discretion in imposing an upward departure.  Section 5K2.21 allows for an upward departure to "reflect the actual seriousness of the offense based on conduct . . . underlying a charge dismissed as part of a plea agreement . . . ."  See U.S.S.G. § 5K2.21.  At sentencing, the district

---

[1]In exchange for White Calf pleading guilty to the aggravated sexual abuse charge, the Government dismissed an additional charge of aggravated sexual abuse of a minor, which carries a 30-year mandatory minimum sentence.

[2]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

court noted that an upward departure was warranted because White Calf had abused his daughter for most of her life, fathered her child, and the sexual abuse was often accompanied by violence. The court also evaluated the conduct of the dismissed offense, explaining that the presentence report contained "quite a bit of information about sexual abuse of other minors, all of them females," which served as "a basis to depart upward to reflect the actual seriousness of the offense." Id. at 19.

The court noted that White Calf did not object to the presentence report and the court had to consider the § 3553(a) factors, including "the seriousness of the offense, the offense conduct that [White Calf] admitted, [and] . . . the need for punishment," finding those were "all very heavy factors here." Id. at 21. While the district court acknowledged White Calf's competency evaluation and psychological examinations, it determined that the higher sentence would send a message to the community and protect the public from future criminal behavior. Finally, the court found that in "balanc[ing] the [§ 3553(a)] factors," there was "no doubt" in this case that "the need for punishment is real." Id. at 22.

The district court did not abuse its discretion in evaluating the seriousness of the offense and assessing a six-level upward departure. Nor did the district court abuse its discretion in consideration of the § 3553(a) factors. Considering the gravity of White Calf's sexual abuse of his daughter, the conduct in the underlying dismissed charge, and the need for punishment, it was reasonable for the district court to impose a sentence of 240 months. White Calf's sentence is affirmed.

_____