# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-1295

_____

United States of America

*Plaintiff - Appellee*

v.

Ian Todd Good Left

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Western

_____

Submitted: October 16, 2023
Filed: December 27, 2023
[Unpublished]

_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Ian Todd Good Left pleaded guilty to assault of an intimate partner by strangulation and suffocation, *see* 18 U.S.C. §§ 113(a)(8), 1153, and domestic assault by a habitual offender, *see id.* § 117(a). Good Left's Presentence Investigation Report ("PSR") calculated a total offense level of 21 and a criminal history category of IV, producing an advisory sentencing guidelines range of 57 to

71 months' imprisonment. The PSR noted that an upward departure from this range may be warranted due to Good Left's twenty-six prior tribal-court convictions, "many of which involved similar violent behavior." At sentencing, the district court[1] adopted the PSR and departed upward to a criminal history category of VI. Good Left's adjusted criminal history category of VI, combined with a total offense level of 21, produced an advisory sentencing guidelines range of 77 to 96 months' imprisonment. The district court sentenced Good Left to 90 months' imprisonment. Good Left appeals his sentence, arguing that the district court committed significant procedural error at sentencing and imposed a substantively unreasonable sentence.

We first review a sentence for significant procedural error, analyzing the district court's factual findings for clear error and its application of the guidelines *de novo*. *United States v. Rooney*, 63 F.4th 1160, 1170 (8th Cir. 2023). A district court commits significant procedural error when it "fail[s] to calculate (or improperly calculate[s]) the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the [18 U.S.C.] § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Good Left asserts that the district court committed significant procedural error by relying on his tribal-court convictions as a basis for the upward departure and by failing to adequately explain the upward departure.

We disagree. It was proper for the district court to rely upon Good Left's tribal-court convictions as a basis for the upward departure. *See* U.S.S.G. § 4A1.3; *United States v. Cook*, 615 F.3d 891, 893 (8th Cir. 2010) ("The Guidelines list several situations which may form the basis for an upward departure. Among these are when prior sentences for tribal offenses were not used in computing the criminal history category." (citation omitted)). The district court also adequately explained its reasons for departing upward. At sentencing, the district court assigned six additional criminal history points to Good Left due to his tribal-court convictions.

---

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

The district court determined that these convictions placed Good Left in a "[c]riminal [h]istory [c]ategory of VI rather than V." It noted that Good Left "suffer[ed] from fetal alcohol syndrome" but that an upward departure was nevertheless appropriate as Good Left "ha[d] not, apparently, addressed his long history of abuse to others." According to the district court, Good Left's "history of aggression and violent behaviors [was] reoccurring" and he was a "habitual abuser of individuals."

Although Good Left argues that the district court committed significant procedural error based on *United States v. Sullivan*, 853 F.3d 475 (8th Cir. 2017), and *United States v. Azure*, 536 F.3d 922 (8th Cir. 2008), those cases are distinguishable. In *Sullivan*, we concluded that the district court erred in departing upward from criminal history category II to category VI based on conduct that had not resulted in convictions and on state-court sentences that the district court thought to have been too lenient. 853 F.3d at 479-80. In *Azure*, we concluded that the district court abused its discretion in departing upward from criminal history category I to category VI based on questionably relevant evidence and uncharged conduct. 536 F.3d at 931-32. Here, the district court departed upward by only two criminal history categories and sufficiently explained that its decision was based on Good Left's lengthy history of violent behaviors. *See United States v. Shillingstad*, 632 F.3d 1031, 1038 (8th Cir. 2011) (finding no significant procedural error at sentencing where the district court "departed upward by only two criminal history categories and sufficiently explained that its decision was based on [the defendant's] extensive criminal record"). Thus, we discern no significant procedural error.

In the absence of procedural error, we next consider the substantive reasonableness of a sentence under the highly deferential abuse of discretion standard. *Rooney*, 63 F.4th at 1170. The district court did not abuse its discretion in sentencing Good Left to 90 months' imprisonment. Although Good Left disagrees with the weight that the district court afforded the different sentencing factors, such disagreement is insufficient to establish that the district court abused its discretion and imposed a substantively unreasonable sentence. *See United States*

*v. Richart*, 662 F.3d 1037, 1054 (8th Cir. 2011) ("Simply because the district court weighed the relevant factors more heavily than [the defendant] would prefer does not mean the district court abused its discretion.").

Affirmed.

_____