# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2326

_____

United States of America,     *

                 *

          Appellee,      *

                 *    Appeal from the United States

     v.                *    District Court for the

                 *    Western District of Missouri.

Barrington Horace McKinzie,    *

also known as Aaron Lamar Coleman,   *

                 *

          Appellant.     *

_____

Submitted: February 9, 2009
Filed: March 11, 2009

_____

Before RILEY, SMITH, and SHEPHERD, Circuit Judges.

_____

RILEY, Circuit Judge.

After Barrington Horace McKinzie (McKinzie) pled guilty to making a false statement on a passport application, the district court[1] sentenced McKinzie to 30 months imprisonment and 3 years supervised release to run consecutively to a 30-month sentence McKinzie was already serving in the Eastern District of Missouri. McKinzie appeals his sentence, challenging the district court's upward variance from

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

the advisory United States Sentencing Guidelines (U.S.S.G. or Guidelines) range. We affirm.

## I.    BACKGROUND

On August 7, 2001, McKinzie submitted an application for a United States passport using his brother-in-law's name, Aaron Lamar Coleman (Coleman). Coleman was incarcerated in Missouri at the time of the application. McKinzie was issued a passport under Coleman's name (Coleman passport) on October 17, 2001. On January 22, 2008, McKinzie pled guilty to one count of making a false statement on this passport application, in violation of 18 U.S.C. § 1542. McKinzie's presentence investigation report (PSR) calculated a total offense level of 8 and a criminal history category of III. Based upon these calculations, McKinzie's advisory Guidelines range was 6 to 12 months imprisonment. See U.S.S.G. § 5 Sentencing Table.

At McKinzie's sentencing hearing on June 3, 2008, the district court recited McKinzie's criminal history as reported in the PSR. McKinzie was first deported from the United States on April 4, 1990, after he was arrested multiple times and convicted of criminal conduct in California. McKinzie returned to the United States, and he was again deported on January 29, 1992, after he was arrested in Arizona. McKinzie was deported a third time on March 3, 2003, after an arrest in Missouri. McKinzie illegally returned to the United States on April 3, 2003, using the Coleman passport, and the following October he was arrested and convicted for crimes in Connecticut. In January 2005, McKinzie was arrested in Missouri on outstanding warrants for domestic abuse, and he was deported a fourth time on March 7, 2005. Using the Coleman passport, McKinzie re-entered the United States on April 6, 2005. McKinzie was arrested and convicted of illegal re-entry in the United States District Court for the Eastern District of Missouri.

After reciting McKinzie's criminal history, the district court found the advisory Guidelines range inadequate and sentenced McKinzie to 30 months imprisonment and 3 years supervised release to run consecutively to McKinzie's 30-month sentence in the Eastern District of Missouri.

## II.   DISCUSSION

McKinzie claims the district court failed to give an adequate justification for the sentence imposed. Because McKinzie failed to object at sentencing to the adequacy of the district court's justification for the sentence imposed, we review for plain error. See United States v. Vaughn, 519 F.3d 802, 804 (8th Cir. 2008) (citations omitted) ("If a defendant fails to object timely to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error.").

In reviewing a sentence, we first ensure the district court committed no procedural error, including

> failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

Gall v. United States, __ U.S. __, 128 S. Ct. 586, 597 (2007). If we determine there is no procedural error, we then review the substantive reasonableness of the sentence under an abuse of discretion standard. Id.

In imposing a sentence, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." Gall, 128 S. Ct. at 596 (citing Rita). "If [the district court] decides that an outside-Guidelines sentence is warranted, [the district court] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Id.

at 597. "After settling on the appropriate sentence, [the district court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Id.

The district court correctly calculated McKinzie's applicable Guidelines range of 6 to 12 months imprisonment. The district court then determined an upward variance from the advisory Guidelines range was warranted, stating,

> You have returned to the United States every time you have been deported, and then, when you get in the United States, you engage in criminal activity, and I don't think that's adequately demonstrated by the application of the Federal Sentencing Guidelines.

The district court further reasoned the Guidelines "inadequately compute and consider your criminal history and your criminal conduct." The district court also noted, the fact McKinzie used the fraudulent Coleman passport twice to re-enter the United States illegally was another reason the district court found the advisory Guidelines range inadequate. Our review of the sentencing transcript satisfies us the district court gave an adequate justification for the upward variance.

McKinzie also suggests the district court procedurally erred in failing to recognize McKinzie's prior conduct and convictions were already "considered and computed in arriving at the current guideline sentence recommendation." We disagree. While McKinzie's criminal history category of III took into account McKinzie's previous convictions, McKinzie was not assessed any criminal history points for his two 1987 convictions in California for possession of cocaine for sale and possession of a controlled substance for sale. The district court did not err in considering McKinzie's prior history because this is an appropriate consideration under the 18 U.S.C. § 3553(a) sentencing factors. In arriving at a sentence, the district court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed . . . to reflect the

-4-

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," the need for the sentence imposed "to afford adequate deterrence to criminal conduct," and the need "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(1), (2)(A), (B) & (C).  The district court expressly or impliedly considered each of these factors.  We conclude the district court committed no procedural error, plain or otherwise, in varying upward from the advisory Guidelines range.

Because we have determined the district court committed no procedural error, our "sole remaining role is to consider the substantive reasonableness of the sentence under an abuse-of-discretion standard, one that eliminates from the process of appellate review the appellate court's own view of what sentence would have been appropriate."  United States v. Bueno, 549 F.3d 1176, 1181 (8th Cir. 2008) (citing Gall, 128 S. Ct. at 597).  Our review of the record satisfies us the district court did not abuse its discretion, and the sentence is not substantively unreasonable.

## III.  CONCLUSION
We affirm McKinzie's sentence and the district court's judgment.

_____