# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-1850

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Eduardo Mejia-Perez, | * | |
| | * | |
| Defendant - Appellant. | * | |

———————

Submitted:  December 15, 2010
Filed: March 25, 2011

———————

Before LOKEN, ARNOLD, and BYE, Circuit Judges.

———————

LOKEN, Circuit Judge.

Eduardo Mejia-Perez, a citizen of Mexico previously removed from the United States four times, illegally reentered in October 2008.  He came to the attention of immigration officials in November 2009 after being arrested for drunk driving in South Dakota.  Mejia-Perez was charged with and pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). The district court[1] sentenced him above the advisory guidelines range to twenty months in prison. Mejia-Perez appeals, arguing the sentence is unreasonable.   We affirm.

—————————————

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

The Presentence Investigation Report assessed Mejia-Perez one criminal history point for a February 2008 DUI conviction. This placed him in criminal history category I, resulting in an advisory guidelines sentencing range of zero to six months in prison. Two weeks before the sentencing hearing, the district court sent counsel the following Memorandum:

> This defendant has previously been deported or sent back numerous times. If deported again, he will no doubt be back.
>
> This will provide notice that I will be considering an upward departure or an upward variance in this case. I believe his criminal history category understates the actual criminal history as well as the likelihood that he will commit other crimes. In addition, the statutory factors set forth in 18 U.S.C. § 3553 call for a longer sentence than called for by the guidelines.

At sentencing, without objection, the district court determined the advisory range as zero to six months in prison. The government urged a sentence within that range, as it agreed to do in the plea agreement. Defense counsel, noting that Mejia-Perez would be deported immediately after release from custody, and that his prior offenses were non-violent, argued that a four-to-five-month sentence equal to time served would reflect the seriousness of the crime and be sufficient but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. § 3553(a).

In imposing its sentence, the district court recited Mejia-Perez's violations of the immigration laws not reflected in his criminal history category:

> On April 20, 2005, he was granted a voluntary return to Mexico, via the Laredo, Texas, Port of Entry.
>
> On March 27, 2007, he was ordered removed by an immigration judge and was removed through Laredo on April 2nd, 2008.

On May 3, 2008, about a month later, he was issued an expedited removal from the United States and was removed on May 4, 2008, through Arizona.

On August 13th, 2008, he was issued an expedited removal from the United States, and was removed via the Tucson, Arizona, Port of Entry on August 15, 2008. And he has admitted, then, reentering the United States about two months later, namely, October 28th of 2008.

So this is like a revolving door, and he hasn't learned anything in these previous episodes.

His Criminal History Category of I understates the actual criminal history, as well as the likelihood that he will commit further crimes. In other words, he is probably going to come right back here again. And, so, in that sense, an upward departure is warranted.

I'm going to sentence him to 20 months of custody . . . .

On appeal, Mejia-Perez presents a single issue for our review: "Did the district court abuse its discretion when it imposed a sentence greater than the sentence specified in the applicable guideline range?" We review with great deference the reasonableness of a sentence for abuse of discretion. "[I]t will be the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

This is not that "unusual case." The district court appropriately took into account Mejia-Perez's prior illegal reentries that were not prosecuted. Ruvalcava-Perez, 561 F.3d 883, 886 (8th Cir. 2009). Consistent with our prior decisions, the court found that Mejia-Perez's immigration history was "evidence of obvious incorrigibility" and concluded that "leniency has not been effective." United States v. Walking Eagle, 553 F.3d 654, 657 (8th Cir. 2009) (quotations omitted). In these

circumstances, it was not unreasonable for the sentencing court to demonstrate with an upward departure or variance that contemptuous disregard for our immigration laws can have serious consequences. Mejia-Perez complains that the district court failed to explain its consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). As usual, this contention is without merit. The court explicitly stated the § 3553(a) factors it considered most significant to its decision. We do not require courts to "mechanically recite" the other factors. United States v. Brown, 627 F.3d 1068, 1073 (8th Cir. 2010) (quotation omitted).

Mejia-Perez further argues that the district court imposed an upward departure pursuant to U.S.S.G § 4A1.3 but did not analyze the types of information forming the basis for the departure, see § 4A1.3(a)(2), and did not determine the extent of the departure "by using, as a reference, the criminal history category applicable to defendants whose . . . likelihood to recidivate most closely resembles that of the defendant's," § 4A1.3(a)(4)(A). These are claims of procedural error under Gall v. United States, 552 U.S. 38, 51 (2007). They were not raised in the district court. Nor were they encompassed in Mejia-Perez's statement of the one issue presented for our review on appeal -- that his sentence was substantively unreasonable -- as Rule 28(a)(5) of the Federal Rules of Appellate Procedure requires. We decline to consider an issue that has not been properly presented to either court. See Barrett v. Detroit Heading, LLC, 311 F. App'x. 779, 798 (6th Cir. 2009) (unpublished).

Moreover, if we did review the issue, it would be for plain error. See Puckett v. United States, 129 S. Ct. 1423, 1428-29 (2009). To obtain plain error relief, Mejia-Perez must show a reasonable probability he would have received a lesser sentence but for the error. United States v. Mireles, 617 F.3d 1009, 1013 (8th Cir. 2010), cert. denied, --- S. Ct. ----, 2011 WL 589279 (2011). He cannot meet this heavy burden. The district court's presentence Memorandum gave notice it was considering an upward departure or variance. At sentencing, the court stated that Mejia-Perez's understated criminal history category *and* "the likelihood that he will commit further

crimes" -- a variance consideration under § 3553(a) -- warranted "an upward departure." Had the court declared that it was imposing an upward variance, instead of an upward departure, there would be no basis for a claim of plain error under § 4A1.3(a). See United States v. McKinzie, 557 F.3d 931, 933-34 (8th Cir. 2009). Because Mejia-Perez did not timely raise the issue, "the district court had no opportunity to clarify its comments or to correct any potential error in the first instance." Walking Eagle, 553 F.3d at 657 (quotation omitted). There was no plain error.[2]

  The judgment of the district court is affirmed.

---

<hr />

[2]Even when the Guidelines were mandatory, in applying § 4A1.3(a) we did not require "a ritualistic exercise in which [the sentencing court] mechanically discusses each criminal history category it rejects en route to the category that it selects." United States v. Levi, 229 F.3d 677, 679 (8th Cir. 2000), quoting United States v. Day, 998 F.2d 622, 625 (8th Cir. 1993). "The absence of an on-the-record comparison [with offenders in higher categories] is not fatal; the sentence will be upheld if the reviewing court is satisfied that the aggravating circumstances actually existed and that the departure was reasonable." United States v. Left Hand Bull, 477 F.3d 518, 521 (8th Cir. 2006), cert. denied, 551 U.S. 1173 (2007).