# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3393

_____

United States of America,              *
                                        *

        Plaintiff-Appellee,        *

                                        *   Appeal from the United States

    v.                        *   District Court for the

                                        *   Eastern District of Arkansas.

Luis Daniel Tovar-Martinez,      *

                                        *   [UNPUBLISHED]

        Defendant-Appellant.    *

_____

Submitted: June 13, 2011
Filed: June 17, 2011

_____

Before RILEY, Chief Judge, BYE and MELLOY, Circuit Judges.

_____

PER CURIAM.

Appellant Luis Daniel Tovar-Martinez pleaded guilty to illegal re-entry following commission of an aggravated felony. 8 U.S.C. § 1326(b)(2). At sentencing, the district court[1] determined his advisory Guidelines sentencing range was 24–30 months and imposed an above-range sentence of 42 months. Tovar-Martinez appeals, alleging procedural error and substantive unreasonableness. We affirm.

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

Prior to entering his plea, Appellant had concerns regarding the possible impact of his criminal history upon his sentence. As a result, he requested and received a pre-plea presentence investigation report. He objected to certain aspects of the report, and the probation office amended the report in response to his objections. He made no further material objections to the report. The report listed his extensive criminal history (20 criminal-history points) and revealed that he failed to complete any of several prior terms of probation or supervised release because, in each instance, he committed a subsequent offense while still under supervision. The report also revealed chronic alcohol abuse and a connection between alcohol and many of his prior offenses.

Sentencing occurred at a combined change-of-plea and sentencing hearing. Prior to accepting the plea, the district court advised Appellant that the statutory maximum for his offense was 20 years. The court also informed Appellant that the Guidelines range was merely advisory and that sentencing would be controlled by 18 U.S.C. § 3553(a). In doing so the court noted that, at sentencing, it "must consider all of the factors that Congress has deemed important in the sentencing process."

After accepting the plea, the district court carefully explained its assessment of Appellant's criminal history and expressed concern regarding Appellant's pattern of recidivism. The court noted in particular Appellant's inability to refrain from committing offenses, even while on supervised release or probation. The court also assured itself that Appellant had no material objections to any of the factual assertions in the report, which described Appellant's personal history and characteristics as well as his criminal history. The district court then imposed the 42-month sentence.

Appellant now alleges procedural error, claiming the district court's consideration and discussion of the § 3553(a) factors was insufficient. We review the allegation of procedural error only for plain error because, below, Appellant challenged none of the court's actions or omissions as procedurally unsound.

See United States v. Townsend, 618 F.3d 915, 918 (8th Cir. 2010). Appellant concedes, as he must, that sentencing judges are not required to recite the sentencing factors and mechanically discuss the relative importance of each in a given case. See United States v. Hernandez, 518 F.3d 613, 616 (8th Cir. 2008). Appellant, however, does not explain to our court what exactly he believes the district court failed to do nor does he suggest how any failure might have impacted his sentence. Appellant merely argues in the abstract that the district court should have provided a lengthier discussion of the sentencing factors. By failing to explain what relevant factor the district court overlooked or how any such error might have impacted his sentence, Appellant has failed to make a showing of harm. As such, there can be no relief pursuant to plain error review. See United States v. Mejia-Perez, 635 F.3d 351, 354 (8th Cir. 2011) ("To obtain plain error relief, [an appellant] must show a reasonable probability he would have received a lesser sentence but for the error."). In any event, our review of the record, including the transcript of the combined change-of-plea and sentencing hearing, reveals no error, plain or otherwise. The record shows that the experienced district court judge was aware of the relevant factors and chose to discuss those factors deemed most pertinent to Appellant's situation.

Regarding substantive unreasonableness, Appellant argues that the upward variance was based almost exclusively upon the district court's opinion that his criminal history was understated. Appellant argues this basis should not be grounds for an upward variance because the advisory Guidelines range adequately addresses his criminal history. This argument lacks merit because we previously have held it permissible for courts to vary upwardly based upon criminal history even if that criminal history is factored into the advisory range. See United States v. Barrett, 552 F.3d 724, 727 (8th Cir. 2009) ("a court may consider a defendant's criminal history even if that history is included in the defendant's criminal history category"). Given Appellant's demonstrated incorrigibility, there was no abuse of discretion in the

-3-

district court's decision to vary upwardly from the advisory range of 24–30 months and to impose a 42-month sentence.

We affirm the judgment of the district court.

_____