# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1527

———————

|  |  |  |
|---|---|---|
| | * | |
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Andres Morales-Escarsega, also | * | |
| known as Andres Morales-Escarcega, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

———————

Submitted: November 14, 2011
Filed: December 14, 2011

———————

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

———————

PER CURIAM.

Andres Morales-Escarsega, an illegal alien, pled guilty to illegally reentering the country after removal in violation of 8 U.S.C. § 1326(a), (b). After considering the presentence investigation report (PSR) which recommended a guideline range of 15 to 21 months, the district court[1] determined that the PSR had underrepresented appellant's criminal history and that there was a likelihood that he would reoffend. It departed upward from the advisory guideline range to sentence him to 24 months.

———————

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

Morales-Escarsega appeals, challenging the upward departure and arguing that his sentence was substantively unreasonable. We affirm.

In August, 2010, while Morales-Escarsega was on supervised release for a 2008 conviction for illegal reentry after deportation, he was arrested in South Dakota and charged with third degree rape in state court. He pled no contest to misdemeanor sexual contact without consent. He was subsequently indicted and pled guilty to a new charge of illegal reentry after deportation.

Appellant's PSR calculated his criminal history to be category IV, based on his prior felony convictions for using fraudulent documents and illegal reentry after removal, his South Dakota misdemeanor sex offense, and the fact that he had been on supervised release when he was arrested. Appellant's criminal history category and his total offense level of 10 resulted in an advisory guideline range of 15 to 21 months. An immigration and customs enforcement investigation revealed that Morales-Escarsega had on two other previous occasions illegally reentered the country; each time he had been removed without being charged.

In light of his uncharged conduct, the district court determined that the PSR substantially underrepresented appellant's criminal history and the likelihood that he would reoffend. If Morales-Escarsega had been convicted of the two uncharged illegal reentries, he likely would have had a category VI criminal history with an advisory guideline range of 24 to 30 months. See U.S.S.G. § 4A1.1(b). The district court departed upward to a criminal history category of VI and sentenced Morales-Escarsega to 24 months.

Morales-Escarsega appeals, contending that the district court abused its discretion in departing upward to raise his criminal history category from IV to VI. He argues that his two uncharged illegal reentries are not of sufficient magnitude to

warrant an upward departure. He also challenges the substantive reasonableness of his sentence.

A district court's decision to depart upward from the advisory guideline range is reviewed for abuse of discretion. United States v. King, 627 F.3d 321, 323 (8th Cir. 2010). U.S.S.G. § 4A1.3(a) permits "reliable information" concerning "[p]rior similar adult criminal conduct not resulting in a criminal conviction" to be considered in determining whether a defendant's criminal history category underrepresents the seriousness of his history or the likelihood that he will commit other crimes. To this end, a court may take into account "prior illegal reentries that were not prosecuted." United States v. Mejia-Perez, 635 F.3d 351, 353 (8th Cir. 2011).

The district court did not err in finding that the PSR underrepresented appellant's criminal history or abuse its discretion by departing upward to apply a criminal history category of VI to Morales-Escarsega. The court emphasized that Morales-Escarsega had entered the United States illegally at least six times, taking into account his two uncharged illegal reentries. These additional instances of criminal behavior, involving the exact same offense as the present case, suggest a strong likelihood of recidivism. See id. (upholding use of prior illegal reentries as "evidence of obvious incorrigibility").

We review the substantive reasonableness of appellant's sentence for abuse of discretion. United States v. Fiorito, 640 F.3d 338, 352 (8th Cir. 2011). "An abuse of discretion occurs if a sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." Id. (internal quotations and citation omitted). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above,

or below the applicable Guidelines range—as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (citation omitted).

Morales-Escarsega argues that the district court gave significant weight to an improper factor by "narrowly concentrat[ing] on punishment and deterrence" because he had already been punished for his previous crimes. This argument contradicts a key aspect of the sentencing guidelines in that a defendant earns criminal history points for past offenses. See U.S.S.G. § 4A1.1. The district court acted within its discretion when it determined that a criminal history category of VI was more appropriate given appellant's uncharged crimes. Had he been convicted of the uncharged offenses, those convictions likely would have added 4 points to his criminal history and moved him up two categories. We conclude that appellant's sentence was substantively reasonable.

The judgment of the district court is affirmed.

_____