# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3564

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Faustino Toj-Granados, also known | * | |
| as Faustino Foj-Granados, also known | * | [UNPUBLISHED] |
| as Faustino Toj, also known as Juan | * | |
| Garcia-Chile, also known as Santos | * | |
| Hernandez-Garcia, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 2, 2012
Filed: May 7, 2012

_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Faustino Toj-Granados appeals after he pleaded guilty to illegal reentry, 8 U.S.C. § 1326(a), (b)(1), and the District Court[1] imposed a sentence above the U.S.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Sentencing Guidelines range. His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court imposed an unreasonable sentence.

Upon careful review, we conclude that the court did not abuse its discretion in sentencing Toj-Granados and that the sentence is not substantively unreasonable. See United States v. Gall, 552 U.S. 38, 51 (2007) (standard of review); United States v. Woods, 670 F.3d 883, 889 (8th Cir. 2012) (explaining how a district court may abuse its discretion such that it imposes an unreasonable sentence); United States v. Mejia-Perez, 635 F.3d 351, 353 (8th Cir. 2011) ("[I]t was not unreasonable for the sentencing court to demonstrate with an upward departure or variance that contemptuous disregard for our immigration laws can have serious consequences.").

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm the judgment, and we grant counsel leave to withdraw.

_____