**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4849**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

LUIS MANUEL VASQUEZ-VEGA,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:13-cr-00062-FL-1)

─────────────

Submitted:  May 30, 2014          Decided:  June 11, 2014

─────────────

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Manuel Vasquez-Vega appeals the thirty-month sentence imposed following his guilty plea to illegal reentry by a felon, in violation of 8 U.S.C. § 1326(a), (b)(1) (2012). On appeal, Vasquez-Vega challenges the court's decision to depart upward under U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3, p.s. (2012), after concluding that Vasquez-Vega's criminal history category underrepresented the seriousness of his criminal history and his likelihood of recidivism. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 52 (2007). We first review the sentence for "significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, reliance on clearly erroneous facts, and inadequate explanation of the sentence imposed. Id. at 51; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). If we find the sentence procedurally reasonable, we also must examine its substantive reasonableness under the totality of the circumstances. Lynn, 592 F.3d at 578. The sentence imposed must be "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]." 18 U.S.C. § 3553(a).

2

In reviewing a sentencing court's departure from the Guidelines range, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. McNeill, 598 F.3d 161, 166 (4th Cir. 2010) (internal quotation marks omitted). "[A]n appellate court must defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court." United States v. Evans, 526 F.3d 155, 160 (4th Cir. 2008) (emphasis omitted). Nevertheless, "[t]he farther the court diverges from the advisory guideline range," the more we must "carefully scrutinize the reasoning offered by the district court in support of the sentence." United States v. Hampton, 441 F.3d 284, 288 (4th Cir. 2006) (internal quotation marks omitted).

A sentencing court may depart upward "[i]f reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s. In making this determination, the court may rely on such information as prior sentences not used in the defendant's criminal history calculation and "[p]rior similar adult criminal

3

conduct not resulting in a criminal conviction." USSG § 4A1.3(a)(2)(A), (E), p.s. In determining the extent of the departure, the sentencing court is to apply an incremental approach to the Guidelines, moving to successively higher criminal history categories after finding the prior category inadequate, until it reaches the criminal history category that most closely resembles the defendant's criminal history or likelihood of recidivism. See USSG § 4A1.3(a)(4)(B), p.s.; United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007).

We find no abuse of discretion in either the fact or extent of the departure imposed by the court. Vasquez-Vega had five prior convictions for illegal entry, only three of which were assigned criminal history points. The presentence report ("PSR") also described Vasquez-Vega's extensive history of illegal reentry, reaching back nearly twenty years. He admitted crossing the border illegally on more than seventy occasions between 1997 and 2010; thirty crossings were documented through contact with Immigration and Customs Enforcement ("ICE") between 1996 and 1999. Because Vasquez-Vega did not challenge this information, the court was entitled to rely on it. See United States v. Randall, 171 F.3d 195, 210-11 (4th Cir. 1999) (noting defendant has burden to establish facts in PSR are incorrect).

The court also concluded that Vasquez-Vega's criminal history score did not reflect his work as a coyote.[*] Vasquez-Vega argues that the record provides insufficient evidence to support this finding. However, we conclude the district court did not clearly err in finding that the sheer number of otherwise unexplained crossings to which Vasquez-Vega admitted, coupled with several recent illegal reentry convictions, bolstered the testimony of an ICE agent on the matter and provided sufficient evidence to support the court's finding.

Based on Vasquez-Vega's pattern of frequent illegal entry, which was undeterred by five custodial sentences between 1999 and 2011, and the court's finding regarding the purpose of his illegal entry, we conclude the court was amply justified in finding Vasquez-Vega's criminal history score of IV inadequate. Contrary to Vasquez-Vega's assertions on appeal, neither the fact that his prior sentences were lenient, nor the fact that his prior criminal conduct comprised nonviolent immigration offenses, required the court to impose a within-Guidelines sentence. See United States v. Zelaya-Rosales, 707 F.3d 542, 546 (5th Cir. 2013); United States v. Mejida-Perez, 635 F.3d

---

[*] "'[C]oyote' is the term for those who facilitate unlawful entry from Mexico." United States v. Rodriguez, 587 F.3d 573, 575 n.1 (2d Cir. 2009).

5

351, 353 (8th Cir. 2011). Thus, we conclude the court did not abuse its discretion in finding a USSG § 4A1.3 departure warranted.

Turning to the length of the departure, we find the sentence both procedurally and substantively reasonable. The court followed the necessary procedures in imposing the departure, providing specific reasons for departing and properly applying an incremental approach when determining the length of the sentence. See Dalton, 477 F.3d at 199. The district court also appropriately applied the § 3553(a) factors when selecting the length of the sentence. The court properly concluded that Vasquez-Vega's flagrant recidivism established a significant need to promote respect for the law, to deter further criminal conduct, and to protect the public from further crime. See 18 U.S.C. § 3553(a)(2)(A), (B), (C). The court also specifically noted that it had considered Vasquez-Vega's early exposure to illegal entry and relied on this fact when determining the extent of the departure. Affording the court's sentencing determination the requisite deference, see Gall, 552 U.S. at 51, we conclude its decision to depart upward by nine months was not substantively unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

6

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED