# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2950

_____

United States of America

*Plaintiff - Appellee*

v.

Justin Scott Carroll

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: June 10, 2019
Filed: July 12, 2019
[Unpublished]

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Justin Scott Carroll pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, the

district court[1] calculated an advisory range under the United States Sentencing Guidelines of 46 to 57 months of imprisonment. Carroll requested a downward variance based on several mitigating factors, including that he was only 22 years old and that his current offense involved no violence. The district court noted that despite his young age, Carroll had "already achieved a category V criminal history," including previous convictions for violent crimes and crimes involving guns. It imposed a 66-month term of imprisonment. Carroll appeals, challenging the substantive reasonableness of the sentence.

We review the substantive reasonableness of a sentence for an abuse of discretion. United States v. McKinzie, 557 F.3d 931, 933 (8th Cir. 2009). "[A]n abuse of discretion occurs if the district court (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (cleaned up). Where, as here, the sentence imposed "is outside the Guidelines range, the court may . . . consider the extent of the deviation, but must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." United States v. Moralez, 808 F.3d 362, 368 (8th Cir. 2015) (cleaned up).

Carroll has not shown that the district court abused its discretion. Carroll argues that the district court abused its discretion by placing too much weight on his criminal history, which had already been taken into account when calculating his Guidelines range. But "a court may consider a defendant's criminal history even if that history is included in the defendant's criminal history category." United States v. Barrett, 552 F.3d 724, 727 (8th Cir. 2009). And here, the district court focused on aspects of Carroll's criminal history that were not accounted for in the calculation of

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

his Guidelines criminal history score: the fact that he had amassed several factually similar felony convictions within a relatively short period of time and at a young age. We see no abuse of discretion in how the district court considered and weighed the sentencing factors in this case.

The district court's judgment is affirmed.

———————————————