# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1004

_____

United States of America

*Plaintiff - Appellee*

v.

Paisley Rose Marie Michels

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: June 13, 2022
Filed: September 29, 2022

_____

Before LOKEN, ARNOLD, and KELLY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Paisley Rose Marie Michels pleaded guilty to violating the Travel Act by facilitating prostitution, served her fifteen-month prison sentence, and began a three-year period of supervised release in July 2020. In the following eighteen months, she violated supervised release conditions at least twenty-four times; in response, the district court modified the conditions six times due to her nonconforming behavior.

On December 1, 2021, the probation office again petitioned the district court to revoke supervised release, alleging eight violations -- failure to comply with home detention, consumption of alcohol, associating with a known felon, unauthorized use of social media, failure to communicate truthfully with the probation office, failure to maintain employment, and a Grade B violation, failure to register as a sex offender. Michels stipulated to committing all eight violations. The Grade B violation, coupled with her Category II criminal history, resulted in an advisory guidelines revocation sentencing range of 6-12 months imprisonment. See USSG § 7B1.4(a). The district court[1] revoked supervised release and imposed an 18-month sentence, with 18 months of supervised release to follow. Michels appeals, arguing that varying upward to a sentence greater than the 6-12 month advisory guidelines range is substantively unreasonable because a lesser sentence would have been sufficient. We affirm.

The revocation sentencing record established that many incidents predated the eight violations for which Michels's supervised release was being revoked. In September 2020, probation officers discovered that Michels had contacted males on social media and was sending them nude photographs. Supervised release was modified to prohibit sending nude photographs and using social media platforms. In December 2020, Michels admitted additional violations, and supervised release was modified to require 120 days of home detention. A home contact on December 8 revealed that Michels had not been at home, and she admitted in a December 14 polygraph examination to engaging in prostitution as recently as October 2020, sending nude photographs of herself, and re-downloading social media programs. Supervised release was again modified to require that she remain in custody until placement became available at a residential reentry center where she was required to reside, participate, and follow the rules for up to 120 days. On February 17, 2021, after she had been staying in the residential reentry center for almost a month, the

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

district court reprimanded Michels for refusing to follow the rules and being disrespectful to staff. Michels committed the eight violations that resulted in this revocation after her release from the residential reentry center.

Michels now argues that her sentence is substantively unreasonable because the district court "committed a clear error of judgment in weighing the sentencing factors including imposing a sentence outside of the guideline range provided for in USSG § 7B1.4(a)." We review this contention "under a deferential abuse-of-discretion standard." United States v. Norris, 685 F.3d 1126, 1128 (8th Cir. 2012). "[I]t will be the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). A supervised release revocation sentence is reviewed under the same "deferential abuse-of-discretion standard." United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011).

In explaining its decision to impose a revocation sentence greater than the advisory guidelines revocation range, the district court stated:

> In this case I have considered all of the factors under 3353(a) and the advisory guidelines and the statutory penalties.
>
> This was a very, very serious crime at the time, and I gave the defendant a significant break at the time of her original sentencing. . . . [i]n no small part because she had had a very unstable and violent childhood and I believed that she had the capacity, as a relatively young woman who had been trafficked herself, to make the changes that were necessary to protect herself and society.
>
> She has grossly abused the break I gave her. She has grossly abused every break I've given her since at supervised release

revocation hearings. By my count, and it's a generous count, she's violated supervised release at least 24 times that I'm aware of that's been documented and admitted to over the last 18 months, including three new felony violations[.] . . .

I believe that the defendant is absolutely manipulating the situation. I believe that she is dangerous to herself and to others, and I'm done giving her breaks. Clearly the message that I've been trying to send has not been received, and clearly we need to reset this situation until the defendant understands how serious her crime was, how serious supervision is, how serious the rules of supervision are, and how seriously I'm going to take further violations.

On this sentencing record, the contention the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside the advisory guidelines range is without merit. We have repeatedly held that it is not unreasonable for a sentencing court to demonstrate with an upward variance that contemptuous disregard for our laws can have serious consequences. See, e.g. United States v. Mejia-Perez, 635 F.3d 351, 353 (8th Cir. 2011).

Michels also argues that the district court's sentence and reasoning violated Tapia v. United States, 564 U.S. 319 (2011). Reviewing this issue for plain error, see United States v. Pickar, 666 F.3d 1167, 1169 (8th Cir. 2012), we conclude it, too, is without merit. Tapia held that a sentencing court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." 564 U.S. at 335. Here, the district court explained it was varying upward to promote Michels's respect for the law and to protect the public from further crimes, not to enable treatment or promote rehabilitation.

The judgment of the district court is affirmed.

_____