# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1705

_____

United States of America

*Plaintiff - Appellee*

v.

David Twine

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: February 13, 2023
Filed: April 28, 2023
[Published]

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

On July 11, 2019, David Twine assaulted a 77-year-old St. Louis taxi driver, stole his taxi, and drove it to Chicago. He pleaded guilty to transporting a stolen vehicle and now appeals his 42-month sentence, an upward variance from his advisory guidelines sentencing range of 15 to 21 months imprisonment. Twine

argues the sentence is substantively unreasonable because the district court[1] did not properly account for Twine's mental health issues and gave too much weight to the fact that the offense occurred on the first day he was released on parole following a 2015 Illinois second-degree murder conviction. Reviewing the district court's sentencing decision for abuse of discretion, we affirm.

On the day in question, taxi driver E.G. picked up Twine at a bus stop in St. Louis. E.G. drove Twine to various locations where he unsuccessfully attempted to cash his bail refund check. After the last attempt, Twine returned to the taxi and began punching E.G. in what bystanders described as a "vicious" assault. E.G. opened the driver's door, attempting to escape, but became entangled in the seatbelt and fell partway out of the taxi. Twine moved into the driver's seat and drove away at high speed, dragging E.G. for about five feet before E.G. untangled himself and fell to the ground. Fortunately, E.G. did not suffer serious injury, but responding officers observed bleeding on his neck and bruises on his arms and legs. Law enforcement found the stolen taxi in Chicago the next day.

Indicted for carjacking, see 18 U.S.C. § 2119, Twine pleaded guilty to the lesser charge of transporting a stolen vehicle in violation of 18 U.S.C. § 2312. At sentencing, the district court adopted Probation's recommended guidelines range of 15 to 21 months imprisonment. Twine requested a within-range sentence, noting as mitigating sentencing factors that he was a decorated military veteran and "on a bright path" until diagnosed with schizophrenia and psychoticism in 2012, when "his life started to fall apart." While in Illinois prison for committing the second degree murder, he did not receive needed mental health treatment.

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

In its careful analysis of the 18 U.S.C. § 3553(a) sentencing factors, the district court considered the mitigating impacts of Twine's military service and serious mental health issues. However, the court concluded, the Guidelines "just don't reflect the seriousness" of Twine's assault of a 77-year-old taxi driver, and they "don't adequately reflect the prior conviction for murder [or] the fact that this occurred the very day that you were released." Further, noting that a within-range sentence would result in a sentence close to time served,[2] the district court stated it could not "in good conscience say that Mr. Twine should get out at this point, or get out soon," because he is still "a significant danger to the community." Based on these aggravating factors, the district court varied upward and sentenced Twine to 42 months imprisonment, significantly above the top of his advisory guidelines range.

We review the substantive reasonableness of Twine's sentence under a deferential abuse-of-discretion standard. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A sentencing court abuses its discretion when it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Hubbs, 18 F.4th 570, 572 (8th Cir. 2021) (quotation omitted).

The district court did not abuse its discretion by varying upward based in part on Twine's Illinois murder conviction and the fact that he committed this offense on his first day of parole. "[A] court may consider a defendant's criminal history even if that history is included in the defendant's criminal history category." United States v. Barrett, 552 F.3d 724, 727 (8th Cir. 2009). "[A]n upward variance may be warranted where a defendant repeats his or her criminal conduct shortly after

---

[2]Twine was in federal custody for over thirteen months before sentencing and also received credit for time served in a Missouri jail for the parallel state prosecution that was later dismissed. See 18 U.S.C. § 3585(b).

completing punishment for a previous offense." United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012).

The record does not support Twine's further argument that the district court placed too little weight on the mitigating impact of his serious, untreated mental health issues. The court expressed sympathy for Twine's mental health condition, criticized the failure to provide him mental health treatment while incarcerated in Illinois, and noted that the federal Bureau of Prisons has resources to provide mental health treatment in its facilities. But the court concluded that the circumstances and timing of Twine's vicious assault on E.G. demonstrated that he poses a significant danger to the community and that a sentence close to time served would not sufficiently protect the public. Twine argues that the federal prison system's mental health resources "cannot be the basis for extending a prison sentence" because they are available to defendants on supervised release. The Supreme Court has held that a sentencing court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." Tapia v. United States, 564 U.S. 319, 335 (2011). Here, the district court did not lengthen Twine's sentence to enable mental health treatment. It varied upward because Twine is a significant danger to the community and the Guidelines do not adequately account for the seriousness and circumstances of his offense. See United States v. Michels, 49 F.4th 1146, 1149 (8th Cir. 2022); United States v. Clark, 998 F.3d 363, 368-69 (8th Cir. 2021).

The district court in varying upward did not abuse its substantial sentencing discretion. The judgment of the district court is affirmed.

_____