# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-3133
_____

United States of America

*Plaintiff - Appellee*

v.

Andre Tyrell Wilson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 13, 2023
Filed: May 4, 2023
[Unpublished]

_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Andre Tyrell Wilson appeals the substantive reasonableness of his within-guideline-range revocation sentence. We affirm.

In 2020, Wilson pled guilty to being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). The guideline-range recommendation was 70–87 months' imprisonment. Wilson's attorney argued for leniency by noting: "If [Wilson] is stupid enough to get into trouble during the time he is on supervised release . . . [the prosecution] . . . will fight for maximum incarceration." The district court sentenced Wilson to time served, approximately 7 months of incarceration, and imposed a 3 year term of supervised release.

Shortly after Wilson started supervised release, probation began sending reports of supervised release violations to the district court. In May 2022, probation filed a petition to revoke Wilson's supervised release alleging drug use. Wilson admitted to using marijuana in violation of a condition of his supervised release. The district court[1] revoked Wilson's supervised release. The guideline-range recommendation for the revocation was 7–13 months' imprisonment. The district court sentenced Wilson to 13 months of imprisonment. At the sentencing hearing, the district court noted several reports of supervised release violations and Wilson's attorney's statement at the initial sentence regarding maximum incarceration if Wilson violated supervised release. The court concluded: "Mr. Wilson needs to understand that there are consequences to his behaviors, consequences to his noncompliance, consequences to his failure to follow the terms and conditions that I set when I sentenced him."

Wilson appeals, arguing the sentence is substantively unreasonable for three reasons: 1) the district court impermissibly relied on Wilson's attorney's statement at the original sentencing about maximum incarceration, 2) the district court did not properly weigh hardships and injuries Wilson suffered after the original sentence, and 3) the district court mischaracterized the original sentence by referring to it as

---

[1]The Honorable Stephen R. Clark, then United States District Court for the Eastern District of Missouri, now Chief Judge.

"probation" rather than "time served." "We review a district court's sentence on revocation of supervised release for . . . substantive reasonableness under the same reasonableness standard that applies to initial sentencing proceedings." United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011) (citations omitted). "If the district court imposes a within-Guidelines sentence, this court presumes the sentence is reasonable, and [the defendant] bears the burden to rebut the presumption." United States v. Manning, 738 F.3d 937, 947 (8th Cir. 2014).

The within-guideline-range sentence is not substantively unreasonable. First, it was not error for the district court to consider the reasoning for the original sentence, including statements by Wilson's attorney, before imposing a revocation sentence at the high-end of the guideline range. See, e.g., United States v. Michels, 49 F.4th 1146, 1148–49 (8th Cir. 2022) (holding it is permissible for the district court to consider a previous lenient sentence when imposing a revocation sentence). Second, the district court has the discretion to give more weight to a violation of supervised release conditions than any injuries or hardships faced by the defendant. United States v. Harrell, 982 F.3d 1137, 1141 (8th Cir. 2020) (The district court "retains wide latitude to weigh the § 3553(a) factors in each case and to assign some factors greater weight than others." (citations omitted)). Third, Wilson does not clearly explain, nor does this court find it obvious, how the district court's reference to the original sentence as "probation" and not "time served" constitutes an error that makes the sentence unreasonable. On our review of the record as a whole, it is clear the district court, as the original sentencing court, understood the original sentence and "gave consideration to the appropriate factors, sufficiently explained its reasoning, and acted well within its broad discretion" in giving the within-guideline-range revocation sentence. United States v. Benton, 627 F.3d 1051, 1056 (8th Cir. 2010).

Accordingly, we affirm the judgment of the district court.

_____