# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 22-2476

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jeffrey M. Perry

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

————————

Submitted: December 12, 2022
Filed: May 8, 2023
[Unpublished]

————————

Before SMITH, Chief Judge, ARNOLD and STRAS, Circuit Judges.

————————

PER CURIAM.

Jeffrey M. Perry challenges his 24-month revocation sentence as substantively unreasonable. He argues that the district court[1] failed to provide a sufficient

———————————

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

justification for its upward variance from the Guidelines range of 8 to 14 months' imprisonment. We affirm.

## I. *Background*

Perry has an extensive record of federal and state crimes involving unlawful possession of firearms. In 2004, he was convicted twice, in two separate cases in Missouri state court, of the crime of unlawful use of a weapon for possessing guns in 2002 and for possessing another gun in 2003.

In 2005, Perry was convicted in federal court of being an unlawful user in possession of a firearm ("2005 case"). He was sentenced to 36 months' imprisonment, followed by 3 years of supervised release. Perry's supervised release was revoked twice because of a domestic assault and drug use.

In 2013, Perry was charged in federal court with being a felon in possession of firearms ("2013 case"). He pleaded guilty to the charge and was sentenced to 36 months' imprisonment, followed by 3 years of supervised release.

In July 2016, Perry began the instant term of supervised release in the 2013 case. In September 2016, Perry's probation officer filed a violation report, alleging that Perry violated conditions of his supervised release by testing positive for marijuana and changing a sweat patch late. Perry denied ingesting marijuana, maintaining that he had been at a birthday party where others were smoking it. Perry admitted to changing his sweat patch late. Perry agreed to a modification of his conditions of supervised release that required him to perform 25 hours of community service.

On October 3, 2018, Perry's probation officer filed another violation report, alleging that Perry had violated several conditions of supervised release. Specifically, the report alleged that Perry violated conditions prohibiting him from committing

another crime, from possessing a firearm, and for being untruthful with his probation officer. According to the report, on August 23, 2018, probation officers arrived unannounced at a house where Perry was renting a room on the second floor. Perry delayed answering the door and claimed he was cleaning his room. The officers searched Perry's unkempt room. On the floor, they found a round of .40 caliber ammunition. Perry denied having any guns and claimed that the bullet was old and probably fell out of a drawer while he was cleaning up. The bullet, however, did not appear to be old.

The report further stated that on October 2, 2018, the probation officers returned to the house. Perry was outside working on a vehicle. When he saw the officers, he ran toward the house, ignoring the probation officers' order to stop. Perry ran inside and shut the door behind him. One of the probation officers could see movement on the staircase inside. A short time later, Perry opened the door. He first claimed that he ran because a woman was inside and he wanted to make sure she was clothed. He then changed his story, stating that he had flushed some marijuana down the toilet that belonged to the woman. The probation officers did not hear a toilet flush.

The probation officers searched the house. They located a cell phone containing a photograph of what appeared to be a semi-automatic, AR-style assault rifle laying on Perry's bed in his room. The photograph had been taken the day prior. The probation officers also found three guns in another unoccupied bedroom in the house. First, they located the AR-style assault rifle (depicted in the photograph on Perry's phone) under some cushions. The rifle was loaded with 30 rounds. Second, they located a .40 caliber handgun under a mattress. The handgun was loaded with a round in the chamber and 15 rounds in the magazine. Third, they found a 9mm handgun in a backpack under the bed. It was loaded with a round in the chamber and 14 rounds in the magazine. This 9mm handgun was the exact same gun Perry had previously been convicted of unlawfully possessing in the 2013 case.

Perry was arrested for being a felon in possession of a firearm. The district court subsequently issued an arrest warrant for the supervised-release violations.

In March 2019, a grand jury charged Perry in a new case with being a felon in possession of the three firearms that the probation officers had found during the October 2, 2018 search ("2019 case"). Eventually, Perry pleaded guilty to possessing the two handguns.

On June 27, 2022, the district court presided over a combined final revocation hearing (for the alleged supervised-release violations in the 2013 case) and sentencing hearing (for the new conviction in the 2019 case). Perry admitted to all the violations alleged in the violation report dated October 3, 2018.

The district court calculated the Guidelines ranges for both the revocation sentence in the 2013 case and the sentence for the new conviction in the 2019 case. The Guidelines range for the revocation sentence in the 2013 case was 8 to 14 months' imprisonment. The Guidelines range for the sentence in the 2019 case was 37 to 46 months' imprisonment.

After affording Perry the opportunity for allocution, the district court imposed a 24-month revocation sentence in the 2013 case. In the 2019 case, the district court imposed a 46-month sentence, ordered that sentence to run consecutively to the 24-month revocation sentence, and imposed a three-year term of supervised release to follow.

In imposing the sentences, the court made clear that it had "consider[ed] the factors under 18 U.S.C. [§] 3553(a) in both these cases." R. Doc. 89, at 13. It found "some things . . . concerning." *Id.* Specifically, it noted that Perry repeatedly committed "a lot of weapons offenses." *Id.* "[P]art of the idea of a sentence," the court explained, "is to deter people" and should "hopefully encourage [Perry] and other

people not to continue this behavior." *Id.* It additionally discussed the sentencing factor of "respect for the law" and highlighted that Perry's supervision was "revoked twice" in the 2005 case and was about to be revoked in the 2013 case. *Id.* "After consideration of all those factors," including "the need for deterrence," "[t]he need to protect the public" in light of Perry's repeated gun violations, "[t]he need for respect for the law, [and] the need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct," the district court imposed the 24-month revocation sentence. *Id.* at 14. It explained its variance from the Guidelines as follows:

> Upon release from imprisonment on this case you shall not serve any more supervised release. We're going to finish this. That's a variance above the guidelines and that reflects how you've done on supervision before. And the fact that you were on supervision for the very crime that you are being revoked for; right? Your own supervision for being a felon in possession of a firearm, and we're back here again for that very offense. So that is why this is a variance above the guidelines.

*Id.* at 14–15.

## II. *Discussion*

On appeal, Perry argues that the district court erred in imposing a revocation sentence of 24 months' imprisonment because it failed to provide a sufficient justification for its upward variance from the Guidelines range of 8 to 14 months' imprisonment.

"We review the district court's revocation sentencing decision under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings. Our analysis is performed in two steps: first, we review for significant procedural error; and if there is none, for substantive reasonableness." *United States v. Clark*,

998 F.3d 363, 367 (8th Cir. 2021) (cleaned up). Here, Perry has not asserted procedural error; therefore, the sole issue is whether the 24-month revocation sentence is substantively reasonable.

> A sentence is substantively unreasonable if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors. We afford the court wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence. Just because we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court. Thus, it is an unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.

*Id.* at 369 (internal quotation marks omitted).

"We have not restrained the application of upward variances" "in revocation sentences." *Id.* "Instead, we look to whether the district court considered the factors set forth in 18 U.S.C. § 3553(a), with reference to the individual circumstances of the defendant's case." *Id.* (cleaned up).

Having reviewed the record, "we are satisfied that the district court properly considered the relevant factors when varying upward," *id.* at 370, and sufficiently explained why it was imposing a 24-month revocation sentence. The district court expressly stated it was considering the § 3553(a) sentencing factors and specifically discussed several of those factors. It noted Perry's repeated pattern of committing weapons offenses and the necessity of imposing a sentence that would deter him and others from such behavior. The district court also noted that Perry's prior term of supervised release for the offense of being an unlawful drug user in possession of a

firearm had been revoked twice. And the court discussed the need to protect the public from Perry in light of his repeated illegal possession of guns.

Thereafter, the district court explained its imposition of an upward variance from the revocation Guidelines range. According to the court, such a variance was warranted because of Perry's poor performance during a prior term of supervised release and because, while on supervised release, Perry committed the same offense for which he was serving the term of supervised release. "We have repeatedly held that it is not unreasonable for a sentencing court to demonstrate with an upward variance that contemptuous disregard for our laws can have serious consequences." *United States v. Michels*, 49 F.4th 1146, 1149 (8th Cir. 2022).

For the aforementioned reasons, Perry's sentence is not substantively unreasonable.

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____