# United States Court of Appeals

## For the Eighth Circuit

_____

No. 23-1445

_____

United States of America

*Plaintiff - Appellee*

v.

Juan Antonio Tejeda-Quiroz, also known as Juan Tejeda-Villa

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 17, 2023
Filed: January 8, 2024
[Unpublished]

_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Juan Antonio Tejeda-Quiroz pled guilty to unlawful reentry after deportation for an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court[1] sentenced Tejeda-Quiroz to a term of 42 months' imprisonment,

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

which was above Tejeda-Quiroz's advisory Sentencing Guidelines range of 24 to 30 months. Tejeda-Quiroz appeals, asserting the district court abused its discretion when it placed too much weight on his criminal history and failed to provide an adequate justification for the upward variance. We affirm.

Tejeda-Quiroz, a citizen and national of Mexico, unlawfully entered the United States in February 1997. According to his Presentence Investigation Report, Tejeda-Quiroz was arrested for illegal entry in 1999. In 2001, Tejeda-Quiroz threw a firebomb into a car occupied by his wife, causing the car to catch fire and explode. He was convicted of two counts of aggravated assault with a deadly weapon and one count of arson in Dallas County District Court, was given a deferred sentence of five years' probation, and was deported. Tejeda-Quiroz returned unlawfully to the United States, and in 2002 was arrested for burglary of a vehicle in Dallas, Texas. He was subsequently sentenced to a term of 180 days in jail.

In 2006, Tejeda-Quiroz's probation on the assault and arson convictions was revoked and a sentence of six years and six months was imposed following his arrest for illegal reentry into the United States. Tejeda-Quiroz was released from custody in 2012, and administratively deported. Tejeda-Quiroz again unlawfully reentered the United States and was arrested in 2018 in Douglas County, Kansas, for driving under the influence. In that case, Tejeda-Quiroz's then-girlfriend told the police that Tejeda-Quiroz stopped the car after they had an argument about him driving intoxicated with her sons in the car. Tejeda-Quiroz physically assaulted her and drove off. He has an active warrant for failure to appear.

In July 2021, Tejeda-Quiroz was arrested for driving without a valid license and no insurance in Liberty, Missouri. An outstanding warrant for failure to appear on these charges remains active. In February 2022, Tejeda-Quiroz was convicted in municipal court in Olathe, Kansas, for driving without a license and inattentive driving.

Tejeda-Quiroz once again came to the attention of law enforcement in April 2022, when at 2:30 a.m., he crashed into a marked police officer's vehicle. Tejeda-Quiroz was arrested for driving while intoxicated and possession of a controlled substance. This encounter with law enforcement led to the unlawful reentry charge in this case. On May 18, 2022, the Department of Homeland Security entered a final order of removal against Tejeda-Quiroz. On March 1, 2023, the district court sentenced Tejeda-Quiroz to 42 months' imprisonment and 3 years of supervised release.

A district court may vary upward from the advisory Sentencing Guidelines range by relying on factors set forth in 18 U.S.C. § 3553(a). United States v. Drew, 9 F.4th 718, 725 (8th Cir. 2021). At sentencing, the district court found an upward variance from the advisory Sentencing Guidelines range was warranted due to Tejeda-Quiroz's prior criminal conduct, which demonstrated a need to protect the public, to promote respect for the law, and to provide adequate deterrence. Tejeda-Quiroz has been twice deported to Mexico, convicted of three crimes of violence in the United States, arrested several other times in the United States, and repeatedly returned unlawfully to the United States. When determining the sentence, a district court may consider a defendant's prior illegal reentries that were not prosecuted. See United States v. Mejia-Perez, 635 F.3d 351, 353 (8th Cir. 2011) (noting immigration history can provide "evidence of obvious incorrigibility"). Further, the record indicates that prior leniency has been ineffective, as Tejeda-Quiroz has not been deterred from reentering the United States unlawfully or engaging in criminal conduct while unlawfully in the United States.

The record shows the district court considered the § 3553(a) factors, and neither abused its wide sentencing discretion nor imposed a substantively unreasonable sentence. See Drew, 9 F.4th at 725-26 (rejecting argument that upward variance was substantively unreasonable when the district court considered the defendant's earlier in-custody conduct, his criminal history, the timing of the offense, the need for respect for the law, and public safety); United States v. Johnson, 916 F.3d 701, 702 (8th Cir. 2019) (noting the need for a sentence to afford adequate

deterrence is a proper sentencing consideration); <u>United States v. David</u>, 682 F.3d 1074, 1077 (8th Cir. 2012) (stating factors already taken into account in calculating the Sentencing Guidelines range may form the basis for a variance).

The judgment of the district court is affirmed.

_____