# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3209
_____

United States of America

*Plaintiff - Appellee*

v.

Shelton E. Lewis, also known as C, also known as Steve Johnson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 8, 2024
Filed: May 24, 2024
[Unpublished]
_____

Before BENTON, ARNOLD, and STRAS, Circuit Judges.
_____

PER CURIAM.

After violating the conditions of supervised release, Shelton Lewis received a 48-month prison sentence. On appeal, he tries to walk back a concession about the type of violation he committed and challenges the overall reasonableness of the sentence. Neither argument works, so we affirm.

First, Lewis's argument that the district court[1] misclassified one of his violations is unreviewable, even for plain error. *See United States v. Campbell*, 764 F.3d 874, 878 (8th Cir. 2014). Lewis's sentencing memorandum took the position that he committed a Grade B violation. Then at sentencing, he stipulated to every violation the probation office identified, including the Grade B one. Having invited the alleged error, it is too late to take a different position now. *See United States v. Corn*, 47 F.4th 892, 895 (8th Cir. 2022) ("[A] defendant who invites the district court to make a particular ruling waives his right to claim on appeal that the ruling was erroneous.").

Second, the sentence is substantively reasonable. *See United States v. Clark*, 998 F.3d 363, 367 (8th Cir. 2021) (reviewing a revocation sentence for an abuse of discretion). The record shows that the district court sufficiently considered the statutory sentencing factors, 18 U.S.C. §§ 3553(a), 3583(e)(3), and did not rely on an improper factor or commit a clear error of judgment. *See Clark*, 998 F.3d at 369–70. It described Lewis's conduct in detail and then emphasized that he was "very dangerous," had refused to accept responsibility, and "wo[uld not] quit" committing violations. All permissible grounds to vary upwards, even if Lewis had hoped the court would exercise its discretion differently. *See United States v. Michels*, 49 F.4th 1146, 1149 (8th Cir. 2022). We accordingly affirm the judgment of the district court.

_____

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

-2-